UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>$249,640.12 IN UNITED STATES CURRENCY SEIZED FROM INDIAN COUNTRY SMOKE SHOP ("ICSS") MAIN STORE, et al.,<br><br>              Defendants. | CASE NO. C15-5586 BHS<br><br>ORDER DENYING CLAIMANTS' MOTION TO DISMISS |

      This matter comes before the Court on Claimants Robert Comenout, Sr., Lee Comenout, Sr., Robert Comenout, Jr., and Sophia Comenout's ("Claimants") motion to dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL AND FACTUAL BACKGROUND

Claimants and other members of the Comenout family own and operate the Indian Country Store. Dkt. 1-1, Affidavit of J. Mark Keller ("Keller Aff.") at 6.[1] The Comenouts and the Indian Country Store have been the subjects of a long line of lawsuits. *See, e.g.*, *Comenout v. Washington*, 722 F.2d 574 (9th Cir. 1983); *Quinault Indian Nation v. Comenout*, C10-5345-BHS, 2015 WL 1311438 (W.D. Wash. Mar. 23, 2015); *Matheson v. Kinnear*, 393 F. Supp. 1025 (W.D. Wash. 1974); *State v. Comenout*, 173 Wn.2d 235 (2011); *State v. Comenout*, 1997 WL 235496 (1997).

The Indian Country Store is located in Puyallup, Washington on land held in trust by the United States for the Quinault Indian Nation. Dkt. 1 ("Comp.") ¶ 12; Keller Aff. at 6. The store is outside the boundaries of the Quinault Indian Reservation. Keller Aff. at 6. Although the store sells a variety of products, it mainly sells cigarettes. *Id.* The store is not licensed to sell cigarettes by the State of Washington or the Quinault Nation. *Id.*

Between February 2005 and September 2012, the Indian Country Store sold unstamped cigarettes to undercover officers on several occasions. Comp. ¶¶ 12–13. On September 19, 2012, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a federal search and seizure warrant at the Indian County

---

[1] Generally, the scope of review on a motion to dismiss is limited to the contents of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Keller affidavit was attached as an exhibit to the complaint and "incorporated as if fully set forth" in the complaint. Comp. ¶ 17. The Court may therefore consider the Keller affidavit without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Store. *Id.* ¶ 13. The ATF agents seized approximately 1,784,000 contraband cigarettes from the main building and approximately 707,800 contraband cigarettes from the drive-thru. *Id.*

Between October 2012 and May 2015, the Indian Country Store continued to sell unstamped cigarettes to undercover officers. *Id.* ¶ 14. The majority of the undercover buys were of King Mountain Tobacco Co. cigarettes. *Id.* On May 21, 2015, Washington State Liquor Control Board ("WSLCB") officers executed a state search and seizure warrant at the Indian Country Store. *Id.* ¶ 15. Inside the main building, the WSLCB officers seized approximately 3,479 cartons and 789 packs of contraband cigarettes, which included approximately 2,294 cartons and 389 packs of King Mountain Tobacco Co. cigarettes. *Id.* ¶ 15. The officers also seized over $235,000 from safes and operators inside the main building. *Id.* Finally, the officers seized $725.72 from the drive-thru. *Id.*

On August 19, 2015, the Government filed a verified complaint for forfeiture *in rem*. Comp. ¶ 1. The Government seeks forfeiture of the following property: (1) $249,640.12 seized from the Indian Country Store's main building on May 21, 2015; (2) $725.72 seized from the Indian Country Store's drive-thru on May 21, 2015; (3) $2,781.00 seized from Lee Comenout, Sr. on May 21, 2015; (4) $981.00 seized from Robert Comenout, Jr. on May 21, 2015; (5) $112,063.00 seized from a Wells Fargo Bank account in the name of King Mountain Tobacco Co. on August 12, 2015; and (6) a 2011 GMC Sierra truck seized from Sophia Comenout on August 19, 2015. *Id.* ¶¶ 1, 5–10. The Government alleges this property "constitutes proceeds derived from or traceable to trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342(a)." *Id.* ¶ 1.

On October 9, 2015, Claimants filed a motion to dismiss and supporting memorandum.[2] Dkts. 13, 14. On November 2, 2015, the Government responded. Dkt. 17. Claimants did not file a reply.

## II. DISCUSSION

Claimants move to dismiss the Government's civil forfeiture complaint for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 13 at 6.

**A.  Subject Matter Jurisdiction**

Claimants first seek to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.* Rule 12(b)(1) provides for dismissal of claims if the Court lacks subject matter jurisdiction. Jurisdiction is a threshold issue that should be addressed before considering the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th Cir. 2003). Federal courts have original jurisdiction over all civil actions brought by the United States. 28 U.S.C. § 1345. Additionally, federal courts have original jurisdiction over civil forfeiture actions brought by the United States under any federal statute. *Id.* § 1355; *see also United States v. $6,190.00 in United States Currency*, 581 F.3d 881, 884 (9th Cir. 2009).

The Government brought this civil forfeiture action pursuant to federal forfeiture statutes based on a violation of a federal criminal statute. *See* Comp. ¶ 1. Specifically,

---

[2] Claimants also filed twelve exhibits with their motion to dismiss. *See* Dkts. 15-1, 15-2, 15-3. In light of these exhibits, the Government argues the Court should treat Claimants' motion as one for summary judgment under Rule 56. Dkt. 17 at 1 n.1. The Court declines to convert the motion, and will not consider matters outside the pleadings.

ORDER - 4

the Government alleges the defendant property constitutes proceeds derived from or traceable to contraband cigarette trafficking in violation of the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2342(a). Comp. ¶ 18. Trafficking in contraband cigarettes is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), and thus subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984. The Court concludes it has subject matter jurisdiction to adjudicate this suit, and denies Claimants' motion on this ground.

**B.      Sufficiency of Complaint**

Claimants also seek to dismiss the complaint for failure to state a claim under Rule 12(b)(6). Dkt. 13 at 6. Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The Government filed a civil forfeiture complaint in this case. "[P]leading requirements in civil forfeiture actions are governed by the Civil Asset Forfeiture Reform Act of 2000 and the Supplemental Rules for Certain Admiralty and Maritime Claims." *United States v. $97,667.00 in United States Currency*, 538 F. Supp. 2d 1246, 1249 (C.D.

Cal. 2007) (internal citation omitted). The sufficiency of a civil forfeiture complaint is governed by Supplemental Rule G(2), which provides:

> The complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable clarity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. G(2). "[T]he complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Fed. R. Civ. P. Supp. G(8)(b)(ii).

The Court has reviewed the complaint, and finds that it satisfies Supplemental Rule G(2)'s pleading requirements. First, the complaint has been verified by ATF Task Force Officer J. Mark Keller. Comp. at 7. Second, the complaint states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue. *Id.* ¶¶ 2–4. Third, the complaint describes the defendant property with reasonable particularity. *Id.* ¶¶ 1, 5–10. Fourth, the complaint provides the seizure locations for all the property. *Id.* Fifth, the complaint identifies the statues under which the action is brought, namely 18 U.S.C. §§ 981(a)(1)(C) and 984. *Id.* ¶ 18. Finally, the complaint details the factual basis for the seizure of funds at the Indian Country Store on May 21, 2015, as well as the seizure of the bank account and car on August 12 and 19, 2015. *Id.* ¶¶ 5–17; *see also* Keller Aff. The alleged facts support a reasonable belief that the seized property was more likely than not derived from or traceable to trafficking in contraband cigarettes. Because the

Government's complaint is sufficiently pled, the Court denies Claimants' motion on this ground.

C.  **Remaining Arguments**

Claimants make several arguments that the defendant property is not subject to forfeiture. *See* Dkt. 14. These arguments are premature at this stage in the litigation, and best addressed on a motion for summary judgment after the parties have conducted discovery.

## III. ORDER

Therefore, it is hereby **ORDERED** that Claimants' motion to dismiss (Dkt. 13) is **DENIED**.

Dated this 16th day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge