UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | CASE NO. C15-5586 BHS |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| $249,640.12 IN UNITED STATES CURRENCY, et al., | |
| Defendants. | |

This matter comes before the Court on the United States of America's ("Government") motion to compel discovery from claimants Robert R. Comenout, Jr. ("Robert Jr.") and Robert R. Comenout, Sr. (Robert Sr.) (collectively "Claimants"). Dkt. 37. No opposition was filed by Claimants. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party seeking discovery may move for an order compelling

production if a party fails to produce documents as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv).

On February 28, 2017 and March 1, 2017, the United States served Interrogatories and Requests for Production, respectively, on Claimants via email and U.S. mail to their attorneys of record, Randal Brown and Robert Kovacevich. Dkt. 37-1. Responses were therefore due on April 3, 2017. Fed. R. Civ. P. 33, 34. Despite numerous communications and a "meet and confer," Claimants have still failed to provide timely discovery without a reasonable explanation. *See* Dkt. 37-1 at 3. Therefore, the Court grants the Government's motion to compel.

Additionally, under Rule 37, the Court "must" award reasonable expenses associated with the motion, including attorney fees, if the moving party prevails. Fed. R. Civ. P. 37(a)(5). *See also Brown*, 2015 WL 630926 at *6. However, the Court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Because the motion to compel is warranted and Claimants have failed to file any opposition to the motion or otherwise explain their untimely discovery, the Court must award the Government its request for reasonable expenses. *See* Dkt. 37 at 5.

Therefore, the Court **GRANTS** the Government's motion (Dkt. 37). Within seven (7) days of the date of this order, Claimants Robert Sr. and Robert Jr. shall each serve upon the Government's counsel complete responses to the subject Interrogatories and Requests for Production. Failure to comply with this order could result in sanctions upon the Claimants, including the possible dismissal of Claimants' respective claims. The Government is entitled to recover from Claimants the reasonable expenses incurred in making the motion, including attorney fees. The Government shall file a detailed statement of costs and fees within twenty (20) days of this order.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge